UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH BISHOP,<br><br>            Plaintiff,<br><br>     vs.<br><br>AVIS BUDGET GROUP, INC.,dba AVIS<br>BUDGET CAR RENTAL; TALX<br>CORPORATION, dba UC EXPRESS; AB<br>CAR RENTAL SERVICES, INC.; DOES 1 -<br>300, inclusive,<br><br>            Defendants. | Case No:  C 13-00566 SBA<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND AND<br>MOTION TO AMEND<br>COMPLAINT**<br><br>Dkt. 11, 12 |

        Plaintiff Joseph Bishop filed the instant wrongful termination action in state court against his former employer, Avis Budget Car Rental, Inc. ("Avis") and/or AB Car Rental Services, Inc. ("AB"), and TALX Corporation dba UC Express ("TALX").   Defendants removed the action under 28 U.S.C. § 1441(a) and (b).  In particular, Defendants assert that two of the four causes of action of the Complaint are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and that there is complete diversity between Plaintiff and Defendants.

        The parties are presently before the Court on Plaintiff's Motion to Remand and Motion to Amend Complaint.  Dkt. 11, 12.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motions for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.      BACKGROUND

Plaintiff worked for "Avis/AB" from April 20, 2005 to January 31, 2012, as a lot coordinator.  Compl. ¶ 4, Dkt. 1.[1]  On January 1, 2012, Plaintiff was terminated from his position after reporting his involvement in a fight with a co-worker.  Id. ¶ 5.  During the term of his employment, Plaintiff was subject to a collective bargaining agreement ("CBA") between AB and Teamsters Automotive Employees and Allied Workers, Local Union No. 665.  Id. Ex. A (copy of the CBA attached to the Complaint).  Among other things, the CBA forbids AB from discharging or suspending any employee "without just cause . . . ."  Id. Art. 23, ¶ a.

On January 13, 2013, Plaintiff filed a Complaint in the San Francisco County Superior Court against Avis, AB and TALX.  The complaint alleges four state law causes of action for:  (1) Termination in Violation of Public Policy; (2) Breach of Express and Implied Contract of Continued Employment; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Slander Per Se.  On February 8, 2013, Avis and AB, joined by TALX, removed the action to this Court.  Notice of Removal, Dkt. 1.

Plaintiff has now filed two related motions; one to remand the action for lack of subject matter jurisdiction; and the other to amend the pleadings to join California residents Armando Cruz and Loc Huynh as defendants.  Plaintiff argues that none of his claims is preempted by the LMRA, and that the joinder of Messrs. Cruz and Huynh will destroy diversity.  Defendants oppose both motions.  These matters are now fully briefed and are ripe for adjudication.

## II.    LEGAL STANDARD

A motion for remand is the proper procedure for challenging a removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure.  See 28 U.S .C. § 1447(c).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

---

[1] Plaintiff does not delineate whether he was employed by Avis, AB or both.

filing of the notice of removal under section 1446(a)." Id.  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III.   DISCUSSION

### A.    OVERVIEW OF THE LMRA

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  A party's assertion of a federal defense, including the defense of preemption, ordinarily will not justify removal of an action to federal court. Caterpillar, 482 U.S. at 393.  Nonetheless, the Supreme Court has recognized an "independent corollary" to this rule known as the "complete preemption doctrine." Id.  This doctrine

provides that the preemptive force of certain federal statutes is so "extraordinary" that it "'converts an ordinary common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.'"  Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law."  Id.

The complete preemption doctrine is most often applied to cases involving § 301 of the LMRA.  Id.  Section 301 confers jurisdiction in the federal district courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ."  29 U.S.C. § 185(a).  Section 301 reflects the well-established federal policy of applying a uniform body of law to disputes arising out of labor contracts.  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-10 (1985).  By enacting this statute, Congress specifically intended that actions alleging labor contract violations be brought under § 301 and resolved solely by reference to federal law.  Id.

Section 301 ordinarily preempts state law causes of action in two situations.  First, it preempts claims which are "founded on rights created by a collective bargaining agreement."  Stikes v. Chevron U.S.A., Inc., 914 F.2d 1265, 1268 (9th Cir. 1990).  Second, LMRA preemption applies where resolution of the state law cause of action is "substantially dependent" upon an interpretation of the agreement.  See Allis-Chalmers Corp., 471 U.S. at 220.  However, the mere fact that a collective bargaining agreement is somehow implicated in a cause of action does not necessarily mean that claim is preempted.  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005).  "[N]ot every dispute concerning employment, or tangentially involving a provision of the collective bargaining agreement, is preempted by § 301 or other provisions of federal labor law."  Allis-Chalmers Corp., 471 U.S. at 211.  Rather, in order for there to be preemption, resolution of the state law claim must require the interpretation of the collective bargaining agreement.  Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993).

**B.    PREEMPTION OF PLAINTIFF'S CLAIMS**

The salient question presented is whether either Plaintiff's second or third claim is preempted by the LMRA.  In his second claim for breach of contract, Plaintiff expressly alleges that Defendants breached his "employment agreement" by terminating him without "good cause."  Compl. ¶¶ 12-16.  The employment agreement referenced by Plaintiff is *the CBA* between his employer and union.  Id. Ex. A.  In other words, Plaintiff is alleging a breach of the CBA.  As such, Plaintiff's breach of contract claim is preempted by § 301 of the LMRA.  See Humble v. Boeing Co., 305 F.3d 1004, 1007 (9th Cir. 2002) ("The Supreme Court has held in a variety of contexts that § 301 acts to preempt state law claims that substantially depend on the CBA, . . . or that seek to enforce the terms of the CBA, *for example, breach of contract claims*.") (emphasis added).

Moreover, to resolve the issue of whether Defendants violated their agreement not to terminate Plaintiff's employment except for cause, the Court must necessarily interpret the CBA.  Article 23 of the CBA permits the termination of an employee only for "just cause," and sets forth numerous examples of the type of conduct that would justify immediate termination.  CBA Art. 23, Dkt. 1.[2]  As a result, the determination of whether Defendants had just cause to discharge Plaintiff necessarily requires the Court to interpret the CBA to determine whether he was terminated in a manner consistent with the CBA.  See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987) (a state law contract claim is preempted by section 301 of the LMRA if the subject matter of the contract is covered by a collective bargaining agreement or the employee relies on that agreement in asserting the contract claim).[3]

---

[2] The terms "just cause" and "good cause" are generally considered to be interchangeable.  Scott v. Pacific Gas & Elec. Co., 11 Cal.4th 454, 460 (1995), disapproved on another ground in Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 352 n.17 (2000).

[3] It also bears noting that employment in California is "at will," meaning that an employee can be terminated without cause.  See Cal. Lab. Code § 2922.  Thus, Plaintiff's assertion that he cannot be terminated without good cause is based on a right created by the CBA.  See Stikes, 914 F.2d at 1268.

For much the same reason, Plaintiff's third claim for breach of the implied covenant of good faith and fair dealing is likewise preempted. "Under California law, a claim for breach of this implied covenant is necessarily based on the existence of an underlying contractual relationship, and the essence of the covenant is that neither party to the contract will do anything which would deprive the other of the benefits of the contract." See Milne Emp. Ass'n v. Sun Carriers, 960 F.2d 1401, 1411 (9th Cir. 1992). Here, Plaintiff alleges that he was subject to termination only for the reasons set forth in the CBA, and that Defendants allegedly discharged him for impermissible reasons. See Compl. ¶¶ 19-23. As noted, California law permits an employer to terminate an employee without cause. Cal. Lab. Code § 2922. The CBA, however, affords employees more protection by limiting terminations to those *with* cause. Consequently, in order to resolve whether the Defendants' conduct deprived Plaintiff of his rights under the employment contract, the Court must interpret the CBA to determine the scope of those rights. The Court therefore concludes that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is preempted. See Milne Emp. Ass'n, 960 F.2d at 1411.

## C.   MOTION FOR LEAVE TO AMEND

In order to destroy diversity and necessitate a remand to state court, Plaintiff moves to join Armando Cruz and Loc Huynh, both of whom are California residents, as party-defendants. This request is denied for two reasons. First, Plaintiff failed to meet and confer with Defendants prior bringing the instant motion, as required by the Court's standing orders. Dkt. 10 ¶ 5. Second, Plaintiff's motion appears to be moot in light of the Court's determination that Defendants properly removed the action under 28 U.S.C. §§ 1441(a) and 1331 on the grounds that certain of Plaintiff's claims are preempted by the LMRA. In the event that Plaintiff still desires to join Messrs. Cruz and Huynh as defendants, Plaintiff must first meet and confer with opposing counsel in good faith to resolve such request without judicial intervention. If no agreement is reached, Plaintiff may renew his request by filing a noticed motion in accordance with Civil Local Rule 7-2.

1

**IV.    <u>CONCLUSION</u>**

2

The Court finds that Plaintiff's second claim for breach of contract and third claim

3

for breach of the implied covenant of good faith and fair dealing are preempted by § 301 of

4

the LMRA.  In light of that finding, the Court further finds that Defendants' removal under

5

28 U.S.C. § 1441(a) was proper, and the Court has subject matter jurisdiction over the

6

action.  Accordingly,

7

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand and Motion to

8

Amend Complaint are DENIED.  This Order terminates Docket 11 and 12.

9

IT IS SO ORDERED.

10

Dated:  May 13, 2013

11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28